**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kenneth Krauze,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Michael J. Astrue, Commissioner of Social Security Administration,<br><br>　　　　　Defendant. | No. CV11-1197-PHX-DGC<br><br>**ORDER** |

In an order dated June 20, 2012, the Court reversed and remanded the decision of the Administrative Law Judge ("ALJ") for further proceedings pursuant to 42 U.S.C. § 405(g). Plaintiff then filed an application for attorneys' fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Doc. 26. Defendant filed an objection (Doc. 27), and Plaintiff filed a reply (Doc. 28). No party requests oral argument. For the reasons that follow the Court will grant Plaintiff's application for attorneys' fees.

**I.      Legal Standard.**

28 U.S.C. § 2412(d)(1)(A) provides that "a court shall award to a prevailing party other than the United States fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that special circumstances made an award unjust." In Ninth Circuit, "attorney's fees are to be awarded to a party winning a sentence four remand unless the commissioner shows that his position with respect to the issue on which the district court based its remand was substantially justified." *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002) (internal citations and

quotations omitted).[1] The Supreme Court has clarified the statutory text, holding that "a position can be justified even though it is not correct, and we believe it can be substantially . . . justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *Pierce v. Underwood*, 487 U.S. 552, 566 n. 2 (1988).

## II.   Analysis.

The Court reversed and remanded the decision of the ALJ because it found that the ALJ improperly discounted Plaintiff's subjective descriptions of pain and failed to articulate how a lay person's statement affected the decision. Doc. 22 at 14, 20. Defendant argues that his position with respect to both issues, while not ultimately persuasive, was substantially justified. Doc. 27 at 6. Because the Court finds that the government's position with respect to the lay witness testimony is not substantially justified, it need not reach the issue of Plaintiff's subjective pain testimony.

### A.   Lay Witness Testimony.

The Court found that the ALJ considered the testimony of Plaintiff's stepfather, Mr. Fowler, but that the ALJ's failure to specify how the testimony affected the decision was error. Doc. 22 at 21. The ALJ is required to "consider lay witness testimony concerning a claimant's ability to work." *Stout v. Comm'r*, 454 F.3d 1050, 1053 (9th Cir. 2006); *see also* 20 C.F.R. §§ 404.1513(d)(4), (e). Such testimony is competent evidence that cannot be disregarded without comment. *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). If an ALJ disregards the testimony of a lay witness, the ALJ must provide reasons "that are germane to each witness." *Id*.

After discussing Mr. Fowler's testimony, the ALJ stated that she had "determined that the claimant's limitations are not as disabling as he alleged." Tr. At 62. The Court found that the paragraph discussing Mr. Fowler's statements, together with this

---

[1] District Courts may remand under "sentence four" or "sentence six" of section 405(g). Only sentence four remands – those in which the District Court "makes a determination as to the correctness of the Secretary's position" – qualify plaintiffs as "prevailing parties" for an award of attorneys' fees. *Flores v. Shalala*, 49 F.3d 562, 568 (9th Cir. 1995) (citing *Shalala v. Schaefer*, 509 U.S. 292 (1993)). In this case the Court issued a remand under sentence four. Doc. 22.

conclusory dismissal of his testimony, demonstrated that "the ALJ considered Mr. Fowler's statement, but the Court is left to guess at how that testimony influenced the ALJ's decision." Doc. 22 at 20.

Defendant argues that because Mr. Fowler's statement mirrors Plaintiff's subjective complaints about pain, and because the ALJ was substantially justified in rejecting those subjective complaints, she must also have been substantially justified in rejecting Mr. Fowler's testimony. *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009) (accepting ALJ's rejection of lay witness testimony because it was similar to Plaintiff's testimony and the ALJ had already provided clear and convincing reasons for discounting Plaintiff's testimony). The Court rejected this argument in its previous ruling. Doc. 22 at 20.

*Valentine* is distinguishable from this case. While Mr. Fowler's testimony may have tended to prove the same conclusion as Plaintiff's subjective testimony – that Plaintiff was disabled – its substance was quite different. Doc. 22 at 13-14, 20-21. Mr. Fowler testified to Plaintiff's physical limitations and his inability to help other people, while the relevant portion of Plaintiff's testimony concerned his level of pain and the degree to which medication could control it. *Id.* Moreover, even if the ALJ had reason to reject Mr. Fowler's testimony – a question the Court need not reach – she failed to follow the procedures established by Ninth Circuit case law for explaining her decision. *See Nguyen*, 100 F.3d at 1467 (ALJ cannot disregard lay witness testimony without comment, and must provide reasons "that are germane to each witness"). Accordingly, the Court concludes that the government's position with respect to Mr. Fowler's testimony was not substantially justified.

**IT IS ORDERED:**

1. Plaintiff's application for attorneys' fees (Doc. 26) is **granted.**

2. Defendant is **ordered** to pay attorneys' fees in the amount of $6,681.82.

Dated this 14th day of November, 2012.

_____
David G. Campbell
United States District Judge

- 4 -